United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Ana María Escobar Soto as Personal Representative of the Estate of Matthew Travi, Ana María Escobar Soto (wife), and M.T. (minor child), Plaintiffs, <br><br> v. <br><br> That Certain 2002 Midnight Express Speed Boat of Approximately 39-Feet in Length, Bearing Registration No. FL 4428 LW and All of Her Engines, Tackle, Accessories, Equipment, Furnishings, and Appurtenances (in rem), David Salmeron (in personam), and MILA Auto Sales, Inc. (in personam), Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 23-23650-Civ-Scola <br> **In Admiralty** |

## Order Denying Motion to Dismiss

This matter is before the Court on the Defendants David Salmeron ("Salmeron") and MILA Auto Sales, Inc.'s ("MILA") (collectively, "Defendants") motion to dismiss Counts Three and Five of the Plaintiffs Ana María Escobar Soto and M.T.'s (collectively, "Plaintiffs") verified complaint. (Mot., ECF No. 14.) The Plaintiffs have responded opposing the Defendants' motion to dismiss (Resp., ECF No. 15), and the Defendants have timely replied (Reply, ECF No. 18). The Court has reviewed the briefing, the record, and the relevant legal authorities, and is otherwise fully advised in the premises. For the reasons stated below, the Court **denies** the motion to dismiss. (**Mot., ECF No. 14**.)

### 1. Background[1]

In this maritime negligence case, the Plaintiffs seek to recover damages from the Defendants originating in a boating accident that caused Escobar Soto to suffer bodily injuries and resulted in the death of her husband,

---

[1] This background is based on the allegations in the Plaintiffs' complaint. For purposes of evaluating the Defendants' motion, the Court accepts the Plaintiffs' factual allegations as true and construes the allegations in the light most favorable to them per Federal Rule of Civil Procedure 12(b)(6).

Matthew Travi ("Decedent"). (Compl. ¶¶ 1, 3, 6–7, 14, ECF No. 1.) The relevant events occurred on July 4, 2022, in Miami, Florida, near the near Venetian Causeway and San Marco Island. (*Id.* ¶ 16.) Per Plaintiffs, the Defendants were operating their vessel, a 2002 Midnight Express speed boat, "at a high rate of speed . . . in a no wake zone" while the "Decedent was operating a personal watercraft[.]" (*Id.*) At some point, the Defendants' vessel and the Decedent's personal watercraft collided forcefully, which caused the Decedent to be "violently ejected" from his watercraft and impacted into the Defendant's vessel. (*Id.* ¶¶ 16–17.) The Decedent passed away as a result of the impact. (*Id.* ¶ 17.)

Based on the foregoing, the Plaintiffs bring five claims against the Defendants: an *in rem* claim against the Defendants' vessel (Count One); a wrongful death negligence claim against Salmeron (Count Two); a negligence per se claim against Salmeron (Count Three); a wrongful death negligence claim against MILA (Count Four); and a negligence per se claim against MILA (Count Five). In their motion, the Defendants argue only that Counts Three and Five should be dismissed because negligence per se is not an independent cause of action from the common law negligence cause of action. (Mot. 1–2, ECF No. 14.) For the reasons explained below, the Court does not find this reason alone sufficiently compelling to dismiss Counts Three and Five.

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will

not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### 3. Analysis

As noted, the Defendants' motion to dismiss Counts Three and Five exclusively argues that these counts should be dismissed on the ground that negligence per se may not be brought as an indepdent cause of action. (*See generally* Mot., ECF No. 14.)[2] The Defendants' motion does not engage with the substance of the Plaintiffs' allegations in Counts Three and Five, and does not otherwise argue that those allegations fail to plausibly suggest the Plaintiffs' entitlement to relief. In their response opposing dismissal, the Plaintiffs argue that the Defendants' motion should be denied because, among other reasons, there is no binding precedent requiring a negligence per se claim to be subsumed into a general negligence claim. The Court agrees with the Plaintiffs.

Without deciding whether it is proper, in all circumstances, to plead negligence per se as a separate claim when also bringing a claim for general negligence, the Court notes it is common practice for courts to allow negligence per se claims to proceed, even when a claimant also brings a general, or broader, negligence claim. *See, e.g.*, *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012) (implicitly recognizing that the two causes of action can be pled simultaneously in "conclude[ing] that the Complaint sufficiently allege[d] the causation element of negligence [and] negligence per se[.]"); *Lemma Ins. Co. v. Rumrunner Sport Fishing Charters, Inc.*, No. 8:11-cv-2110-T-33TBM, 2012 U.S. Dist. LEXIS 9634, at *3, 2012 WL 254134, at *1 (M.D. Fla. Jan. 27, 2012) (rejecting argument that negligence per se claim could not be brought as

---

[2] Though the Defendants raise some additional arguments for dismissal in their reply, the Court declines to consider these because arguments raised for the first time in a reply brief are forfeited. *See, e.g.*, *Louis v. United States*, No. 23-80395-CV-MIDDLEBROOKS, 2023 U.S. Dist. LEXIS 125329, at *8 (S.D. Fla. July 19, 2023) (Middlebrooks, J.) (A court "need not consider arguments raised for the first time in a reply.") (collecting cases).

a separate cause of action and explaining that "the Eleventh Circuit recognizes negligence per se as a separate and appropriate cause of action."); *Cheek v. GL NV24 Shipping, Inc.*, No. 2:22-CV-86, 2023 U.S. Dist. LEXIS 162569, at *75, 2023 WL 5963185, at *23 (S.D. Ga. Sep. 13, 2023) (denying motion to dismiss as to both negligence and negligence per se claims, and explaining that "negligence per se is a *type* of negligence claim where a plaintiff may prevail by showing an applicable statutory violation."). Thus, while the Defendants' motion attempts to set forth a bright-line rule precluding negligece per se claims as independent causes of action, the Court has been unable to find any authority for such a rule.

In addition, a review of the two cases cited by the Defendants in support of their motion to dismiss reveals that neither court adopted such a bright-line rule. In *Skye v. Maersk Line, Ltd. Corp.*, for example, the court noted that the plaintiff had conceded the end result would be the same, regardless of whether his negligence per se claim was pled separately from his negligence claim, and thus concluded that the former claim "c[ould] be *sufficiently subsumed*" by the latter claim. No. 11-21589-CIV, 2011 U.S. Dist. LEXIS 110917, at *4, 2011 WL 4528305, at *2 (S.D. Fla. Sep. 28, 2011) (Altonaga, J.) (emphasis added). Similarly, in *Estate of Pankey v. Carnival Corp.*, the court cited *Skye* in agreeing that the negligence per se claims at issue were "sufficiently subsumed" into the general negligence claim. No. 22-cv-24004, 2023 U.S. Dist. LEXIS 141125, at *7, 2023 WL 5206032, at *3 (S.D. Fla. Aug. 11, 2023) (Bloom, J.). By contrast, here, the Defendants' motion makes no effort to argue that the Plaintiffs' negligence per se claims are somehow duplicative or redundant of their general negligence claims. Indeed, the Defendants' motion does not engage with the substance of the Plaintiffs' claims at all. And, while the Court grants that the complaint is far from clear as to the distinct contours of the Plaintiffs' negligence and negligence per se claims, it is not ready to conclude that the two sets of claims are interchangeable, especially without having received argument from either side on this point.

In short,  the Defendants have failed to convincingly argue that the Plaintiffs' negligence per se claims should be dismissed just because they are so styled.

### 4. Conclusion

Accordingly, for the reasons stated above, the Court **denies** the Defendants' motion to dimiss Counts Three and Five of the complaint. (**Mot., ECF No. 14**.)

**Done and ordered** at Miami, Florida on January 19, 2024.

Robert N. Scola, Jr.
United States District Judge